J. S01029/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                         :        PENNSYLVANIA
                         :
           v.             :
                         :
CHRIS KING,              :
                         :
        Appellant     :      No. 844 MDA 2016

Appeal from the PCRA Order April 18, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003339-2000

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:          **FILED APRIL 20, 2017**

Appellant, Chris King, appeals from the April 18, 2016 Order entered in the Dauphin County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, Jennifer E. Tobias, Esquire, has filed a Petition to Withdraw and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we grant Attorney Tobias's Petition to Withdraw and affirm.

On November 7, 2001, a jury convicted Appellant of Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, and Corruption of

Minors.[1]  The trial court imposed an aggregate term of 10¾ to 22 years' incarceration.[2]  This Court affirmed Appellant's Judgment of Sentence on November 10, 2003.  *Commonwealth v. C.K.*, 841 A.2d 575 (Pa. Super. filed November 10, 2003) (unpublished memorandum), *vacated and remanded*, 850 A.2d 617 (Pa. filed May 4, 2004).  Our Supreme Court granted allowance of appeal and remanded the matter to this Court to determine whether the trial court erred in finding that Appellant was an SVP.  *Commonwealth v. C.K.*, 850 A.2d 617 (Pa. filed May 4, 2004).

On remand, we again affirmed the trial court's determination on September 17, 2004; our Supreme Court denied allowance of appeal on March 8, 2005.  *Commonwealth v. C.K.*, 863 A.2d 1225 (Pa. Super. filed September 17, 2004) (unpublished memorandum), *appeal denied*, 870 A.2d 319 (Pa. filed March 8, 2005).  Appellant did not seek review by the U.S. Supreme Court.  Appellant's Judgment of Sentence, therefore, did not become final until June 6, 2005.  *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On November 14, 2005, Appellant filed his first *pro se* PCRA Petition. The PCRA court eventually denied PCRA relief on January 15, 2009; this

---

[1] 18 Pa.C.S. § 3121; 18 Pa.C.S. § 3123; 18 Pa.C.S. § 3125; and 18 Pa.C.S. § 6301, respectively.

[2] Following a hearing, the trial court determined that Appellant was a Sexually Violent Predator as defined in Pennsylvania's Megan's Law.  *See* 42 Pa.C.S. § 9799.24.

court affirmed on December 1, 2009, and our Supreme Court denied allowance of appeal. **Commonwealth v. King**, 990 A.2d 47 (Pa. Super. filed December 1, 2009) (unpublished memorandum), *appeal denied*, 9 A.3d 628 (Pa. filed August 11, 2010).

On October 17, 2012, Appellant filed the instant *pro se* PCRA Petition, his second, alleging that the victim, his then-minor daughter, had recanted her trial testimony. On September 5, 2013, the PCRA court appointed Attorney Tobias as counsel. Attorney Tobias filed an Amended PCRA Petition on October 2, 2013, and again on March 24, 2014.

On October 22, 2015, the PCRA court held an evidentiary hearing where the victim disavowed her written recantation letter and affirmed the truth and veracity of her inculpatory testimony at Appellant's trial. N.T. PCRA Hearing, 10/22/15, at 3-17. The victim testified about the circumstances under which she provided the recantation to her then-stepmother (Appellant's then-wife), her motivation to sign the documents to make "everybody happy," and the fact that Appellant's then-wife, who approached her on several occasions to recant, wrote the affidavit she eventually signed. **Id**.

On April 18, 2016, the PCRA court dismissed Appellant's Petition. On May 16, 2016, Appellant filed a Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[3]

Appellant presents two issues for our review:

1. Whether the witness's numerous recantations nullify the Appellant's conviction based on the "reasonable doubt" standard?

2. Did the PCRA court err when it denied the Appellant's PCRA Petition and concluded that the witness's accusations were true despite the lengthy record of falsehoods, even though the PCRA court did not actually state that it had so concluded?

Appellant's Brief at 5.

On October 18, 2016, Attorney Tobias filed a **Turner**/**Finley** no-merit letter in the form of an Appellant's Brief, noting Appellant's desire to challenge the PCRA court's decision regarding the victim's purported recantation. Counsel, however, concluded that there were no non-frivolous issues to be raised on appeal. On October 18, 2016, Attorney Tobias also filed with this Court a Petition to Withdraw. Appellant did not file a response.

Before we consider Appellant's arguments, we must review Attorney Tobias's request to withdraw from representation.[4] Pursuant to

---

[3] Attorney Tobias complied by filing a Statement of Intent to File an **Anders**/**McClendon** Brief pursuant to Pa.R.A.P. 1925(c)(4).

[4] We review Attorney Tobias's **Turner**/**Finley** no-merit letter to Appellant together with her Petition to Withdraw.

*Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *Id*. The court then conducts its own independent review of the record to determine if the Petition is meritless. *Id*. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Tobias has complied with each of the above requirements. In addition, Attorney Tobias sent Appellant copies of the *Turner*/*Finley* no-merit letter and her Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Tobias permission to withdraw. *See Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Tobias has complied with the *Turner*/*Finley* requirements, we now proceed with our independent review of the record and the merits of Appellant's claims.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on June 6, 2005, upon expiration of the time to file a Petition for Writ of *Certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. In order to be timely, Appellant needed to submit his PCRA Petition

by June 6, 2006. *Id*. Appellant filed this PCRA Petition on October 17, 2012, more than seven years after his Judgment of Sentence became final. Appellant's Petition is, thus, facially untimely.

Pennsylvania courts may consider an untimely PCRA Petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii) in presenting the victim's purported recantation. Appellant's Brief at 13. Appellant avers that the victim "stated that she lied during trial" in an affidavit and letter dated September 16, 2007, and that he filed a Motion for a New Trial on October 31, 2007. *Id*. Appellant testified that he first learned about the victim's recantation from his then-wife approximately two weeks before he filed that Motion for a New Trial. N.T. PCRA Hearing, 8/25/14, at 30-31.

The first PCRA court that considered Appellant's first PCRA Petition concluded that Appellant's October 31, 2007 Motion for a New Trial presented an entirely new PCRA claim. *Id*. at 7, 54. Since Appellant's appeal from the denial of his first PCRA Petition was pending in the Superior Court at the time, the PCRA court concluded it did not and would not have jurisdiction until Appellant's first PCRA Petition was resolved and Appellant filed a new PCRA Petition presenting this claim. *Id*. As a result, the PCRA court dismissed the Motion without prejudice on November 6, 2007.

Appellant's first PCRA Petition concluded on August 11, 2010, when our Supreme Court denied allowance of appeal. Appellant had 60 days, or until October 11, 2010, to file a second PCRA Petition presenting his victim recantation claim.[5] Appellant did not file his second PCRA Petition presenting this claim until October 17, 2012, more than two years after he

---

[5] October 10, 2010, was a Sunday. *See* 1 Pa.C.S. § 1908.

could have presented this claim to the PCRA court.[6]  Accordingly, Appellant has failed to plead and prove that he filed his untimely PCRA Petition "within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).  Since Appellant is unable to satisfy the 60-day rule, he is unable to satisfy any of the three timeliness exceptions.[7]  The PCRA court, therefore, properly dismissed Appellant's second PCRA Petition as untimely.

The record supports the PCRA court's findings and its Order is otherwise free of legal error.  Accordingly, we affirm.

Order affirmed.  Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2017

---

[6] When questioned about this delay in filing his second PCRA Petition, Appellant stated that he prioritized a dispute over attorney's fees instead and that he sought to use the letter to "prevent a retrial."  N.T. PCRA Hearing, 8/25/14, at 61-70.

[7] Moreover, even assuming Appellant can meet a timeliness exception, his claim fails because the victim disavowed her purported recantation letter and affidavit at the evidentiary hearing and reaffirmed her original trial testimony, and the trial court credited her disavowal rather than the purported recantation.